IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTION BRAXTON,[1] | ) | CASE NO. 4:05CV00605 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | MEMORANDUM OPINION & |
| Respondent. | ) | ORDER |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court are the Government's Brief in Response to Petitioner's Motion (Dkt. #4); and Petitioner's Reply Brief (erroneously captioned as "Motion to Strike" and "Motion Pursuant to Rule 201(c) Take Judicial Notice of Underlying Facts") (Dkt. #5,6). Both the Petitioner and the Government request the Court conduct an evidentiary hearing pursuant to 28 U.S.C. § 2255. For the reasons set forth below, both motions are **GRANTED**.

I.  FACTUAL BACKGROUND

On January 6, 2004, Petitioner, Antion Braxton, was named in five counts of a seven count indictment, charging violations of Title 21 U.S.C. § 846 (conspiracy to possess with intent to distribute more than 50 grams of cocaine base, "crack cocaine"); and 21 U.S.C. §

---

[1] The record provides two different spellings of Petitioner's first name, (i.e. "Antion" or "Antoin"). The Court shall refer to Petitioner as "Antion."

-1-

841(a)(1) (possession with intent to distribute approximately 2.82, 2.38, 3.16 and 1.82 grams of cocaine base, "crack cocaine"). On April 20, 2004, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Counts 1, 2, 6, and 7 of the indictment (conspiracy to possess with intent to distribute and possession with intent to distribute 2.82, 3.16, and 1.82 grams of cocaine base). (Dkt. #4). On July 29, 2004, the Court sentenced the Defendant to 188 months imprisonment followed by five years supervised release. Petitioner did not file a direct appeal from his sentence or conviction.

On February 18, 2005, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In said motion, Petitioner asserts denial of effective assistance of defense counsel based on defense counsel's failure to file a direct appeal. The Government, in its Brief in Response, requests an evidentiary hearing to determine this issue raised by Petitioner.

## II.  STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

### III.    ANALYSIS

*Ineffective Assistance of Counsel*

Petitioner contends that his Sixth Amendment right to counsel was violated as a result of his attorney's failure to file a direct appeal from his conviction. (Dkt. #1).

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims. In a successful claim, a criminal defendant must show both cause and prejudice. 466 U.S. at 688-94. In order to do this, it must be proven (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id</u>.

The Supreme Court has also held that a court's review of counsel's performance "must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Darden v. Wainwright</u>, 477 U.S. 168, 185-86 (1995) (citations omitted).

The standard <u>Strickland</u> analysis for ineffective assistance of counsel claims is inappropriate for claims that a lawyer failed to file a notice of appeal if the defendant had made such a request. <u>Ludwig v. United States</u>, 162 F.3d 456, 459 (6th Cir. 1998). In such circumstances, the prejudice component is presumed. <u>Id</u>. The Sixth Circuit has held:

-3-

> The failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment. . . . A lawyer's failure to file a requested appeal at the behest of a defendant is particularly problematic because it does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of any counsel altogether. Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal. . . .

Id. (citing Morales v. United States, 143 F.3d 94, 97 (2d Cir. 1998); Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994)).

In completing the Sixth Amendment ineffective assistance of counsel inquiry, the Court in Ludwig emphasized:

> that a defendant's actual 'request' is still a critical element . . . The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request.

Id.

In the present matter, Petitioner alleges that he "verbally stated to counsel his stated desire to appeal" during his sentencing hearing. (Dkt. #1). In support of this assertion, he offers a handwritten letter dated October 12, 2004, from Petitioner to counsel underlining his intent to file an appeal. (Dkt. #1 at 16). Petitioner presents two more letters addressed to counsel inquiring as to the status of his appeal and requesting that counsel respond to his correspondence, dated October 26, 2004 and December 14, 2004, respectively. (Dkt. #1 at 18, 20).

Petitioner's trial counsel avers in a sworn affidavit that "at the time of [Petitioner's] sentencing, I do not recall a conversation regarding an appeal" and,

-4-

notwithstanding Petitioner's assertion that he contacted counsel indicating his intent to appeal, counsel "did not receive such information until February 23, 2005 from the U.S. Attorney Gary Arbeznik."  (Dkt. #4, Exhibit B at ¶¶ 3, 5).  Although Defense counsel's affidavit does not address the existence of the letters directly,  counsel remarks that he "believe[s] the [petitioner] had ever[y] intention to proceed correctly and any mishap and delay was a result of excusable neglect, unfamiliarity with the process and mistake." (Dkt. #4, Exhibit B at ¶ 6).

A review of the sentencing transcript reveals that Petitioner was concerned about preserving the right to challenge certain sentencing enhancements on appeal:

> MR. DAWSON:  Your Honor, the defendant's concern is regarding the challenges to the leadership role and in light of that enhancement with the Blakely decision.  I indicated to him that I objected to the finding.  That gives us or gives the defendant the opportunity to challenge that later, if necessary.  But he's concerned that if the – if he waives any Blakely challenges, that he would lose that opportunity.
>
> THE COURT:  No, you won't lose that, Mr. Braxton . . . you'll have the right to appeal – and you can appeal that issue of whether or not the leadership role enhancement would apply to you.

(Dkt. #4, Exhibit A, Sentencing Transcript at 3-4).

> THE COURT:  Well, you do object to the Court's findings.
>
> MR. DAWSON:  Yes, as far as the finding of the leadership role, yes, there would be a continuing objection.

(Dkt. #4, Exhibit A, Sentencing Transcript at 11).

Consequently, this Court concludes that there is insufficient information in the record to determine conclusively that Petitioner waived his right to file a direct appeal. In light of the fact that both parties have requested an evidentiary hearing, this Court finds that such a hearing is warranted.

## IV.   EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on the assertions contained in his § 2255 motion.  Respondent also requests an evidentiary hearing to determine whether Petitioner actually instructed his counsel to file an appeal and if so, at what time.  Title 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  See Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984).  Since neither the sentencing hearing transcript nor the provided affidavits conclusively show that the Petitioner's claim is without merit, an evidentiary hearing is required.

## V.   CONCLUSION

For the reasons stated above, the issue as to whether Petitioner actually instructed his counsel to pursue an appeal on his behalf can not be conclusively determined from the record.  Consequently, a hearing on the merits is warranted under 28 U.S.C. § 2255.  Accordingly, Petitioner's and Respondent's request for any

evidentiary hearing is **GRANTED**. The evidentiary hearing shall be held on **October 7, 2005 at 9:30 A.M.**

    **IT IS SO ORDERED.**

                                      **/s/ Peter C. Economus - September 20, 2005**
                                      **PETER C. ECONOMUS**
                                      **UNITED STATES DISTRICT JUDGE**