**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANTION BRAXTON,**[1] ) | **CASE NO. 4:05CV00605** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |

This matter came before the Court for an Evidentiary Hearing on October 7, 2005. Present before the Court were Neil Atway for Petitioner Antion Braxton ("Petitioner") and Gary D. Arbeznik for Respondent United States of America ("Respondent").

Petitioner was named in five counts of a seven count indictment, dated January 6, 2004, charging violations of Title 21 U.S.C. § 846 (conspiracy to possess with intent to distribute more than 50 grams of cocaine base, "crack cocaine"); and 21 U.S.C. § 841(a)(1) (possession with intent to distribute approximately 2.82, 2.38, 3.16 and 1.82 grams of cocaine base, "crack cocaine"). Pursuant to a written plea agreement, Petitioner entered a plea of guilty on April 20, 2004 to Counts 1, 2, 6, and 7 of the indictment (conspiracy to

---

[1] The record provides two different spellings of Petitioner's first name, (i.e. "Antion" or "Antoin"). The Court shall refer to Petitioner as "Antion."

possess with intent to distribute and possession with intent to distribute 2.82, 3.16, and 1.82 grams of cocaine base). (Dkt. #4). On July 29, 2004, the Court sentenced the Petitioner to 188 months imprisonment followed by five years supervised release. He did not file a direct appeal from his sentence or conviction.

On February 18, 2005, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. section 2255, alleging ineffective assistance of counsel due to trial counsel's failure to file a direct appeal. (Dkt. #1). The record before the Court did not conclusively show whether Petitioner actually instructed his counsel to pursue an appeal on his behalf. Accordingly, the Court granted both Petitioner's and Respondent's respective motions for an evidentiary hearing. (Dkt. #7).

At the October 7, 2005 evidentiary hearing, Petitioner presented testimony that, at the time of sentencing, he objected to the Court's application of the leadership role sentencing enhancement. Specifically, he testified that he asked his trial counsel to file an appeal during the sentencing hearing. Furthermore, Petitioner's trial counsel, William Dawson, testified that while he was not retained to file Petitioner's direct appeal, he nonetheless could not recall any off the record conversation at the sentencing hearing during which Petitioner requested such an appeal be filed.

The United States Supreme Court has held that "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) [where a] particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-

Ortega, 528 U.S. 470, 480 (2000); Shehee v. United States, 230 F.3d 1359 (6th Cir. 2000). The second situation described in Flores-Ortega is applicable in this instance. The testimony of both Petitioner and his trial counsel at the evidentiary hearing indicate that Petitioner made a reasonable attempt to indicate to counsel that he intended to appeal the Court's findings. Furthermore, failure to file a notice of appeal in disregard of a criminal defendant's actual request is *per se* ineffective assistance of counsel. Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). If the defendant did in fact request an appeal and trial counsel failed to act on such a request, the defendant is entitled to file a delayed appeal. Id.

In his section 2255 motion, Petitioner raises three issues upon which he would base an appeal:

> 1) issues centered around the leadership role in which the petitioner received [sic], 2) the amount of drugs that was attributed to the petitioner's sentence; and 3) issues centered around the victims in the instant case.

(Dkt. #1 at 11). However, the only issue Petitioner preserved on appeal is the Court's application of the leadership role sentencing enhancement under the U.S.S.G. § 3B1.1(c).[2] According to the sentencing transcript, Petitioner's counsel raised two objections to the presentence report: (1) Petitioner's criminal history category; and, (2) the adjustment for the leadership role. At the July 29, 2004, sentencing hearing, the following colloquy took

---

[2] Section 3B1.1(c), entitled "Aggravating Role," provides: "If the defendant was an organizer, leader, manager or supervisor in any criminal activity . . . increase by 2 levels."

place:

>THE COURT: All right. Mr. Dawson, do you have any objections to the report?
>
>MR. DAWSON: Yes, your Honor, just for the record, two objections. One would be criminal history category . . .
>
>* * *
>
>THE COURT: All right. This issue doesn't affect sentencing; however your objection will be noted . . .Any other objections?
>
>MR. DAWSON: Yes, your Honor. One final objection would be to . . . an adjustment for **leadership role**. We object to any finding of the two-point increase for the **leadership role**.
>
>THE COURT: All right. Other than that?
>
>MR. DAWSON: None, your Honor.

(Dkt. #4, Exhibit A, Sentencing Transcript at 2-3) (emphasis added).

The Court then addressed Petitioner's concern that he would lose the right to appeal the Court's findings regarding the leadership role enhancement by waiving any Blakely challenges and allowing the Court to apply the Sentencing Guidelines:

>THE COURT: It's been this Court's policy, and it is my opinion, that in the interim, until the extent of Blakely is clarified by the Supreme Court, the defendant would have two options.
>
>The defendant can elect to be sentenced within the indeterminate statutory limits, and in this case the statutory limits are in Count 1 a mandatory minimum of ten years and a maximum of life, and with respect to Counts 2, 4, 6 and 7 a maximum of 20 years.
>Or in the alternative, this defendant can waive any

|  |  |
|---|---|
|  | Blakely challenge and consent to this Court utilizing the Federal Sentencing Commission Guidelines in determining the appropriate sentence. |
|  | Mr. Dawson, how do you wish to proceed? |
| MR. DAWSON: | Your Honor, we would consent to an application of the guidelines at this point? |
| (Counsel confers with defendant) | |
| MR. DAWSON: | Your Honor, the defendant's concern is regarding the challenges to the **leadership role** and in light of that enhancement with the Blakely decision. I indicated to him that I objected to the finding. That gives us or gives the defendant the opportunity to challenge that later, if necessary. But he's concerned that if the – if he waives any Blakely challenges, that he would lose that opportunity. |
| THE COURT: | No, you won't lose that, Mr. Braxton. I'll explain after I impose the sentence that you'll have the right to appeal – and you can appeal that issue of whether or not the **leadership role** enhancement would apply to you. |

(Dkt. #4, Exhibit A, Sentencing Transcript at 4-5) (emphasis added).

The Court then determined Petitioner's appropriate sentencing range under the guidelines and sentencing table to be 188 to 235 months. At that point, the Court asked whether Petitioner objected to the Court's application of the guidelines:

| THE COURT: | Now, are there any objections to the Court's findings with respect to the applicable guidelines? |
|---|---|
| MR. DAWSON: | No, your Honor. |
| THE COURT: | Well, you do object to the Court's findings. |

>  MR. DAWSON: Yes, as far as the finding of the **leadership role**, yes, there would be a continuing objection.

(Dkt. #4, Exhibit A, Sentencing Transcript at 11) (emphasis added).

After imposing aسentence of 188 months imprisonment followed by five years of supervised release, the Court once more inquired as to any objection the Petitioner might have:

> THE COURT: Are there any objections to the form of the Court's sentence? Or any other objections?
>
> MR. DAWSON: No additional objections, your Honor.

(Dkt. #4, Exhibit A, Sentencing Transcript at 22).  Petitioner, therefore, waived the issues pertaining to "the amount of drugs that was attributed to the petitioner's sentence" and "issues centered around victims in the instant case" at the sentencing hearing. See United States v. Treadway, 328 F.3d 878, 886 (6th Cir. 2003), *cert. denied*, 540 U.S. 860 (2003) (where defendant did not object "orally or in writing" to the drug quantity calculation in the presentence report, the court found "no reason to require . . . independent findings outside the [report] when the facts are undisputed" and that such unchallenged quantities provide "a reliable basis for determining the [defendant's] sentence").  Consequently, the only reviewable claim is the Court's application of the leadership role enhancement under the Sentencing Guidelines.

Giving Petitioner the benefit of the doubt that he did indeed request that trial counsel file an appeal, he is entitled to the remedy of a delayed appeal.  Accordingly, Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

person in federal custody is **GRANTED IN PART** with respect to the Court's application of the leadership role enhancement to Petitioner's sentence and **DENIED** as to the issues concerning the amount of drugs attributed to Petitioner and any "issues centered around victims" in the underlying criminal case. Petitioner shall have until **November 14, 2005** within which to file a delayed appeal relating solely to the Court's application of the leadership role sentencing enhancement.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - October 14, 2005**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**